ALBERT FAUNCE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. WITNESS—*competency—conviction of crime.* It can not be said that a person has been *convicted* of a crime, so as to render him incapable of giving testimony, within the meaning of section 235 of the criminal code, until there has been a judgment rendered on the verdict of guilty.

2. Our statute has not changed the rule at the common law. It, like the common law, refers to the conviction imposed by the law; and not until judgment is rendered on a verdict of guilty, is the accused convicted by the law, and disqualified from testifying as a witness.

3. INDICTMENT—*for receiving stolen property.* S and F were indicted jointly for receiving stolen property. The proof showed, that the accused were partners in business; that soon after the property was stolen, it was taken, by the thief, to the place of business of the accused, for sale. F being absent at the time, S declined to purchase, until F returned; the thief left the property with S, and a few hours later again called and found F in, who informed the thief that the detectives were after him, but if he would keep still, and come around in the morning, he would purchase the property if the detectives did not interfere; that police officers notified F of the larceny, and described the goods, but F denied all knowledge of them, and that afterwards, a police officer, accompanied by the thief, called upon F and demanded the property, who, after feigning ignorance as to the whereabouts of the property, reached under the counter and handed it over to the officer. *Held*, that this evidence was sufficient to connect F with the concealment of the property, and fully warranted the conclusion, that he had the property under his control, and had received it, knowing it to have been stolen.

4. That this evidence was sufficient to warrant a conviction of the accused, for a joint receipt of the property, as charged in the indictment.

WRIT OF ERROR to the Recorder's Court of the City of Chicago; the Hon. W. K. McALLISTER, Judge, presiding.

The facts in this case are fully stated in the opinion of the court.

Mr. E. VAN BUREN, for the plaintiff in error.

Mr. W. BUSHNELL, Attorney General, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The record shows that plaintiff in error was indicted jointly with Mrs. Stephens, for receiving stolen goods. There are no questions presented upon the pleadings in the case, but a number of errors are assigned on the various rulings of the court. It is first urged, that the court below erred in permitting Moore, who had been convicted of stealing the goods, which the accused were charged with concealing, but who had not been sentenced, to testify against plaintiff in error. Plaintiff's attorney admits, that at the common law there must be a verdict of guilty followed by a judgment, to render a party incompetent to testify, but insists that the rule has been changed by our statute. The 235th section of the criminal code, (Gross' Stat. 218) declares, that each and every person convicted of any of the crimes therein enumerated, of which larceny is one, shall be deemed infamous, and shall forever thereafter be rendered incapable of holding any office of honor, trust or profit, of voting at any election, of serving as a juror and of giving testimony.

This presents the question, what is a conviction? Is it the verdict of guilty, or is it the sentence or judgment rendered

on such a verdict? So far as our knowledge of the practice extends under this section since its adoption, the construction has been uniform, that it is the judgment on the verdict of guilty which renders the accused infamous and disqualifies him from testifying as a witness. And such long and uniform construction by the courts and the bar, is entitled to no small weight in the consideration of such a question. Had serious doubts of the correctness of such a construction existed, we must conclude that the question would long since have been presented to this court for determination.

A reference to the 8th sec. art. 4 of our constitution will show the construction the framers of that instrument placed on the term conviction. After conferring upon the governor the power to grant reprieves, commutations and pardons after conviction, for all offenses except treason and cases of impeachment, it declares that "he shall, biennially, communicate to the general assembly each case of reprieve, commutation or pardon granted, stating the name of the convict, the crime for which he was convicted, the sentence and its date, and the date of commutation, pardon or reprieve." This provision manifestly contemplates a judgment or sentence as necessary to a conviction, or why require, in each case of conviction and reprieve, commutation or pardon, to report the sentence and its date? If the verdict of guilty constituted the conviction, they would not have required in every case the sentence and its date to have been communicated to the general assembly. They, no doubt, acted upon the uniform construction given to the statute above referred to, which was then and had long been in force.

An examination of the adjudged cases in the various States of the Union, where substantially the same laws are in force, will show that it is not the commission of the crime, nor the verdict of guilty, nor the punishment, nor the infamous nature of the punishment, but the final judgment of the court that renders the culprit incompetent. It is true, that writers and judges have loosely said, that a party is convicted on the

finding of a verdict against him. It is true, in a sense, that he has been convicted by the jury, but not until the judgment is rendered is he convicted by the law; and the statute only, like the common law, refers to the conviction imposed by the law. We can discover from this section no intention to change the common law rule. And in a matter of such grave import we should have to see such intention reasonably well expressed before we could give the construction contended for by plaintiff in error.

It is next urged, that the court erred in giving to the jury this instruction:

"If the defendants were connected as partners in the pawn broker business, and Mrs. Stephens in the first instance received the goods in question of the negro, with knowledge that they had been stolen, in Faunce's absence, yet, if Faunce afterwards learned what Mrs. Stephens had done, and also acquired from the police officers, or other sources, knowledge of the fact that these goods had been stolen, and with that knowledge he assumed the control of the goods in connection with Mrs. Stephens, and concealed, or aided and abetted in concealing them, for the purpose of preventing the owner of said goods from again possessing the same, then he should be found guilty, the same as if he originally received the goods directly from the negro, knowing them to have been stolen, for the purpose of preventing the owner from again possessing the same; and the jury may, if the evidence warrant it, find one defendant guilty and the other not guilty."

It appears the two defendants were doing business in connection, and that the goods soon after they were stolen were taken to the brokers' office and offered for sale; but plaintiff in error not then being in, the other defendant declined to purchase, but said that Moore would have to wait until plaintiff in error came in the office. Moore left the goods on the show case, in the office, called a few hours later and saw plaintiff in

error, who informed him that the detectives were after him. Moore swears that plaintiff in error told him, if he would keep his mouth, he, Faunce, would keep still, and told him to come back in the morning, and if the detectives did not come around, he would give him something for the property. On the police officer and Moore going to the pawn brokers' office and demanding the property, plaintiff in error, after feigning ignorance in reference to the property, reached under the counter and handed it to the officer. It also appears, that the police officers had called and apprised plaintiff in error of the larceny and described the property, but he denied all knowledge of it, and did not enter it on his books. This evidence seems, if true, and the jury believed it, to fully connect plaintiff in error with their concealment, and from his knowledge that they were stolen, his denial that he knew nothing of the goods, and the fact that when demanded he at once handed them from their place of concealment to the officer, the jury were warranted in concluding that he had them under his control, and had received them knowing them to have been stolen.

It is next urged, that defendants were indicted for a joint receipt of the goods, and the evidence shows that the goods were left with Mrs. Stevens when plaintiff in error was not present. It is urged, that proof that one received the goods in the absence of the other, and afterwards delivered them to the other, will not warrant a conviction for a joint receipt of the goods; that successive' receivers are all separately guilty. Such may be the law, but in this case plaintiff in error communicated directly with the thief, and after agreeing to purchase the goods if the detectives did not interfere, he retained the goods. His communication with the thief was as direct as that of his co-defendant, and was in pursuance of what his co-defendant had said to the thief. We are unable to see that the authorities referred to by plaintiff in error should govern this case. In those cases the parties did not appear to be partners in business and acting for their mutual

gain, but to have acted separately and not jointly, nor did all who were accused communicate directly with the thief.

The evidence, we think, sustains the verdict, and the judgment of the court below must be affirmed.

*Judgment affirmed.*