(No. 29638.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANSEL WINSTON, Plaintiff in Error.

*Opinion filed November 20, 1946.*

ANSEL WINSTON, *pro se.*

GEORGE F. BARRETT, Attorney General, and MINTON W. ARNOLD, State's Attorney, of Rushville, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error was convicted of the crime of larceny of a motor vehicle in the circuit court of Schuyler county on May 2, 1938, and sentenced to the penitentiary for a term of not less than one nor more than twenty years.

The indictment consisted of four counts, the first and third counts charging larceny of an automobile of the value of $635. The fourth count charged larceny of a motor vehicle without any reference to the value thereof.

Defendant in error first entered a plea of not guilty but later withdrew that plea and entered a plea of guilty to the crime of larceny of a motor vehicle as charged in the first, third and fourth counts of the indictment. He appears *pro se,* and contends that the judgment of confinement in the penitentiary of from one to twenty years is invalid because counts one and three allege the automobile to have a value of $635, which under many recent decisions of this court would constitute the crime of grand larceny.

As above stated, the fourth count contained a definite charge of larceny of a motor vehicle without fixing any value. Under this state of the record the court under the authority of *People v. French,* 387 Ill. 16; *People v. Sobucki,* 387 Ill. 358, and *People v. Justat,* 389 Ill. 138, was fully authorized in entering judgment of guilty of the larceny of a motor vehicle and sentencing the plaintiff in error to the penitentiary for the period of one to twenty years.

In *People v. Bailey,* 391 Ill. 149, we said: " 'When counts are joined for offenses which are different but not positively repugnant and there is a general verdict of guilty, the practice is to sentence on the count of the highest grade, the prosecution either expressly or tacitly withdrawing the other counts.' The logical effect and meaning of a general verdict finding a defendant 'guilty in manner and form as charged in the indictment' are that he is guilty in manner and form as charged in each count of the indictment." Citing *People v. Giacomino,* 347 Ill. 523.

It follows that the assignment of error is without merit and that the sentence imposed is correct.

The judgment of the circuit court of Schuyler county is affirmed.

*Judgment affirmed.*