2 Ill. App.3d 962 (1971)
275 N.E.2d 651
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
LARRY LEGGETT et al., Defendants-Appellants.
No. 70-135.
Illinois Appellate Court  Third District.
November 23, 1971.
*963 Bruce Stratton, of Defender Project, of Ottawa, for appellants.
Edward P. Drolet, State's Attorney, of Kankakee, for the People.
Reversed in part and affirmed in part.
Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendants Larry Leggett, Larry McCarty and William Henry McCarty were convicted of a charge of Armed Robbery and also of a charge of Armed Violence in a jury trial in the Circuit Court of Kankakee County on February 6, 1970. They were sentenced to terms respectively of 10 to 14 years for Larry Leggett, 9 to 12 years for Larry McCarty, and 8 to 12 years for William McCarty.
Defendants entered the building of the Kankakee County Catholic Credit Union wearing masks and using two pistols. One defendant accosted the manager with a pistol and demanded money. One employee fell to the floor in fear and the other was ordered to lie on the floor. The employees were then forced into the vault. Prior thereto a sum of $5,340 in money and a wallet were taken from the manager and a watch and ring were pulled from the manager's arm and hand. Defendants, after forcing the employees into the vault, closed the vault door. They were apprehended at the credit union office by policemen who arrived when the alarm system was activated as the robbery began.
The charge of Armed Robbery was to the effect that money had been taken from the presence of the manager, and, also, the watch and ring had been taken from the manager through an act of Armed Violence.
Defendants contend in this Court that the two crimes for which they were convicted arose from the same conduct and that judgment properly could be entered only with respect to the more serious offense. Only one sentence was imposed on each defendant. There were convictions on both charges, i.e., Armed Robbery and Armed Violence. There is no serious disagreement as between the defendant and the State that the Armed Robbery and Armed Violence for which defendants were convicted were part of the same "conduct" referred to in the Illinois Statutes prohibiting separate sentences for such offenses (Ill. Rev. Stat. 1969, ch. 38, par. 1-7(m)). Defendants, however, contend that the fact that only one sentence was imposed still places defendants in a position of disadvantage and that the judgments of conviction of Armed Violence, which is the lesser of the crimes, should be reversed. The State contends *964 that since there is only one sentence, the cases and the section of the statute referred to do not require any action by the court because no separate sentence has been imposed on the lesser of the two crimes arising from the same conduct, either concurrently or consecutively.
People v. Schlenger, 13 Ill.2d 63, 147 N.E.2d 316, is a case referred to in the Committee Comments in the Illinois Annotated Statutes to Section 1-7(m) of the Illinois Criminal Code to which we have referred. In the Schlenger case there were two sentences, one for each of the two offenses. These sentences were imposed to run concurrently. It was argued in that case by the State that since defendant would only serve one sentence, any error would not be prejudicial. Defendant, however, argued that the mere fact of the imposition of two sentences, even though they were concurrent, would prejudice him in his application for parole. The same argument is made in the case before us where defendants contend that their opportunity for parole would be prejudiced because two separate convictions would continue to appear of record.
 1, 2 In the Schlenger case as well as in other cases treating this particular issue (including cases decided by this Court), we have consistently reversed the conviction as well as the sentence where there was a sentence imposed to run concurrently if the crimes resulted from the same "conduct." We believe that it is consistent to set aside and reverse the conviction for the lesser crime where there is a conviction and judgment on the more serious crime and a sentence has been imposed. We feel the rationale, however, of this principle should be stated in a manner which would prevent abuse or a miscarriage of justice. We believe the rule is and should be that the conviction and sentence for the lesser of the crimes arising from the same conduct should result in a reversal of both the conviction and the sentence imposed as a result of the lesser crime, provided, however, that a conviction and sentence imposed as to the greater crime are valid and are sustained. Since this is the situation in the present case we believe that the conviction for Armed Violence should be reversed even though there is a single sentence involved, and that the sentence imposed should persist as to the conviction for Armed Robbery which should be affirmed.
 3-8 Defendants also contend that the sentences imposed on them in the cause before us are excessive and should be reduced. As noted from the recital of facts in this case, the crime involved was a serious one and consisted of a daring robbery with intimidation and threatening conduct as to the manager and employees of the credit union. Larry Leggett, who was sentenced to a term of 10 to 14 years had a record of a prior conviction. The sentence of 9 to 12 years imposed upon Larry McCarty has a minimum of one year greater than the 8 to 12 year sentence imposed upon *965 William McCarty. The one year lower minimum sentence was based on the fact that William McCarty had served in the armed forces for a period of three years. The sentences imposed were consistent with the applicable statutes. We have frequently stated that the propriety of imposing the sentences is normally an issue on which the trial court is given a wide discretion (People v. Hanserd, 125 Ill. App.2d 465, 261 N.E.2d 317.) We have also indicated that the power to modify sentences which is vested in this Court (Illinois Revised Statutes 1969, ch. 38, pars. 121-9 (b) (4)), should be exercised with caution. Normally, the trial court is in best position to determine the circumstances, to weight credibility, and to evaluate the record made at the hearing in aggravation and mitigation (People v. Taylor, 33 Ill.2d 417, affmd. after remand, 40 Ill.2d 569, 241 N.E.2d 409.) In view of the record in this cause, therefore, we do not believe that we should act to modify the sentences imposed upon defendants.
The judgment entered upon the conviction of defendants on the charge of Armed Violence is reversed. The judgment of conviction of Armed Robbery and the sentences imposed as a result thereof are affirmed.
Reversed in part and affirmed in part.
STOUDER and SCOTT, JJ., concur.