THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD SHORT, Defendant-Appellant.

(No. 71-79;

Third District—April 17, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant Richard Short was found guilty of the offense of aggravated battery and armed violence after a jury trial in the circuit court of Kankakee County. He was sentenced to a term in the penitentiary for a period of not less than 8 nor more than 10 years, which sentence was to run consecutively with a term of not less than 5 nor more than 10 years which the defendant had previously received for the conviction of the crime of armed robbery.

The conduct on the part of the defendant which resulted in his conviction occurred in an alleyway near a tavern known as Frankies Tavern in Kankakee, Illinois. On March 14, 1970, at approximately 11:00 o'clock P.M. the defendant accosted a lady named Nellie Rigsby. He dragged the victim into the alleyway, threw her to the ground and attempted to choke her. During the attack the defendant wielded a knife. The victim testified that her lip was lacerated to the extent that 37 stitches were required, that she was bruised and that her injuries required treatment at a hospital. The facts concerning this attack were contraverted during the trial of the defendant but the jury chose to believe the testimony of the victim and no issue concerning the sufficiency of the quantum of proof to sustain the jury's verdict has been raised in this appeal.

The defendant contends in this appeal that the two crimes for which he was convicted arose from the same conduct and that judgment should have been entered only with respect to the conviction for aggravated battery. The defendant was convicted on two counts of an indictment charging aggravated battery and on one count charging armed violence, however, only one sentence was imposed. There is no serious disagreement as between the defendant and the State that the convictions received by the defendant for committing the crimes of aggravated battery and armed violence all arose from and were all part of the "same conduct" referred to in the Illinois statutes prohibiting separate sentences for such offenses. (Ill. Rev. Stat. ch. 38, par. 1—7(m),). The State and the defendant, however, do disagree as to how the convictions should be modified. The defendant urges that only one conviction for aggravated battery should remain standing, while it is the State's contention that the lesser offense should merge into the greater offense and thereby the conviction for armed violence should remain intact.

This precise question involving multiple convictions but a single sentence was recently presented to this court in *People v. Leggett*, 2 Ill.App. 3d 962, 275 N.E.2d 651, and we stated:

"We believe the rule is and should be that the conviction and sentence for the lesser of the crimes arising from the same conduct should result in a reversal of both the conviction and the sentence imposed as a result of the lesser crime, provided, however, that a conviction and sentence imposed as to the greater crime are valid and are sustained."

■■ Following the rule in *Leggett* we believe that the conviction for aggravated battery should be reversed even though there is a single sentence involved and that the sentence imposed should not be disturbed as to the conviction for armed violence and should be affirmed.

■■ The defendant also contends that the sentence he received is excessive and should be reduced. As noted from a recital of the facts in this case, the conduct of the defendant was brutal and vicious. The complaining witness was accosted in a darkened alleyway, thrown to the ground and the defendant attempted to choke her. A knife was wielded by the defendant and while the record is not clear as to how the complaining witness's lip was injured, she nevertheless received a laceration which required hospitalization and 37 stitches. The sentence imposed upon the defendant falls within the limitations prescribed by the applicable statute. We have frequently recognized that the propriety of imposing a sentence is normally an issue on which the trial court is given wide latitude. (*People v. Leggett, supra; People v. Hanserd*, 125 Ill.App.2d 465, 261 N.E.2d 317.) While by rule the Supreme Court has vested this court with the power to modify sentences (Ill. Rev. Stat. ch. 110A, par. 615(b),) we have nevertheless always indicated that this power should be exercised with caution. Normally the trial court is in the best position to determine the circumstances, to weigh credibility, and to evaluate the record made at the hearing in aggravation and mitigation. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, affirmed after remand 40 Ill.2d 569, 241 N.E.2d 409.) In view of the record in this cause we do not believe that we should modify the sentence imposed upon the defendant.

The judgments entered upon the convictions of the defendant for aggravated battery are reversed. The judgment of conviction for the crime of armed violence and sentence imposed as the result thereof is affirmed.

Reversed in part and affirmed in part.

STOUDER, P. J., and ALLOY, J., concur.