THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALEX MILLER, Defendant-Appellant.

(No. 56233;

First District—September 19, 1972.

John J. Crown, of Jenner & Block, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

The defendant, Alex Miller, was indicted for rape and indecent liberties with a child in violation of Ill. Rev. Stat. 1969, ch. 38, pars. 11—1 (a), 11—4 (a—1). Following a jury trial, defendant was found guilty of each charge and received concurrent sentences of not less than eight nor more than sixteen years in the Illinois State Penitentiary.

On appeal defendant presents a single issue for review: Whether the trial court erred by allowing the prosecutrix, Barbara Ann Johnson, age 10, to testify. Defendant contends that the child was not competent to testify and that the trial court abused its discretion by allowing her testimony.

■■ This court had occasion recently to review a similar issue in *People v. Hall* (1971), 1 Ill.App.3d 949, 275 N.E.2d 196. There, we set out the applicable law as follows:

"In Illinois a witness is not presumed competent to testify until he is fourteen. *Shannon v. Shannon* (1904), 208 Ill. 52, 69 N.E. 869. When a child is under fourteen, his competence is ascertained by examining him as to his intelligence, understanding and moral sense. *People v. Davis* (1957), 10 Ill.2d 430, 140 N.E.2d 675, *cert.* denied, 355 U.S. 820 (1957). To be competent the child must be '* * * sufficiently mature (1) to receive correct impressions by his senses, (2) to recollect these impressions, (3) to understand questions and narrate answers intelligently, and (4) to appreciate the moral duty to tell the truth (and comprehend the meaning of the oath)' *People v. Sims* (1969), 113 Ill.App.2d 58, 61, 251 N.E. 2d 795, 797. It is clear, therefore, that it is not the age, but the degree of intelligence of a child, which determines the question of the child's competency."

■■ The record in the instant case discloses that the trial judge fully complied with these legal principles. He conducted an extensive competency hearing or, as he referred to it, a "*Sims* type hearing," prior to allowing Miss Johnson's testimony. Both the judge and counsel questioned the child at length to ascertain her competency. At the conclusion of the hearing the judge stated:

"Let the record show that as far as this Court is concerned that the Court has made inquiry, which is the Court's duty in connection with the case of *People v. Sims,* to inquire, make full inquiry as to whether or not the Court is satisfied as to the intelli-

gence and understanding and impression that the Court gets from the questions and answers that the Court has put to this young lady, Barbara Johnson, and the Court is satisfied that she is competent to testify. And the Court fully appreciates that testimony of this kind where a nine or ten year old girl is involved is probably the most difficult kind of testimony that confronts a Court. In spite of that, knowing that, I'm satisfied that she understands and is competent."

We believe that the judge's determination in regard to the child's competency was a proper one. The judge's remarks, as set out above, reveal not only that he was conscious of the *Sims* requirements, but also that he was measuring the child's apparent degree of intelligence, understanding and moral sense against those standards. The tenor and substance of the child's testimony both during the competency hearing and during the trial itself fully support the judge's determination that she was competent to testify. Our careful study of the child's testimony has disclosed no evidence of substandard intelligence or other deficiency which might have rendered her an incompetent witness. Hence we are not inclined to disturb the sound discretion exercised by the trial judge in allowing the child to testify.

■■ Defendant was convicted and sentenced for two crimes involving exactly the same conduct and the same victim. Under well-established precedent, therefore, we are constrained to reverse the conviction for indecent liberties with a child. *People v. Brown* (1972), 52 Ill.2d 94, 285 N.E.2d 1; *People v. Duszkewycz*, (1963), 27 Ill.2d 257, 189 N.E.2d 299; *People v. Pointer* (1972), 6 Ill.App.3d 113, 285 N.E.2d 171; *People v. Thomas* (1970), 130 Ill.App.2d 1107, 266 N.E.2d 721.

The judgment upon the indictment for rape is affirmed. The judgment upon the indictment for indecent liberties with a child is reversed.

Affirmed in part and reversed in part.

GOLDBERG, P. J., and BURKE, J., concur.