THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD BEALL, Defendant-Appellant.

(No. 11540;

Fourth District—December 6, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (D. Bradley Blodgett, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a single judgment order entered against the defendant on four jury verdicts of guilty and imposing a single sentence of two to five years. It is the defendant's position that the conduct giving rise to these offenses was based on only two transactions and hence the sentence should be imposed on only two of the offenses

and that we should reverse the other two. A short recitation of the facts is necessary to furnish a backdrop for a discussion of the issue proposed.

About 3:30 A.M. on the day in question, the defendant was a passenger in an automobile which the police signaled to pull over to the curb because of a defective tail light. The car took off at a high rate of speed and a chase through Washington Park ensued. It crashed into a tree and the driver escaped on foot. The defendant was found hiding behind a tree and was arrested. The car belonged to a Mrs. Hanselman and had been taken at some time after 9:00 P.M. on the preceding evening. Inside the car was found merchandise belonging to a gift shop in Springfield and keys which did not belong to Mrs. Hanselman. The defendant was charged with five offenses which were (1) burglary of a gift shop; (2) theft of over $150 for jewelry and other items taken from the shop; (3) theft of the Hanselman car with a value of over $150; (4) possession of burglary tools consisting of keys suitable for use in breaking into motor vehicles; and (5) violation of the anti-theft law for possession of the Hanselman car. The jury found the defendant guilty of burglary, theft over $150, possession of burglary tools, and violation of the anti-theft law. The trial court entered judgment on the four verdicts and imposed a sentence of two to five years in the penitentiary in a single judgment order. It is the defendant's position in this court that the only judgments which should be allowed to stand are the burglary conviction and the automobile theft conviction, and that the possession of burglary tools and the violation of the anti-theft statute should be reversed. This record is suggestive of the confusion that has existed in the use of the terms "conduct", "transaction", and "transaction independently motivated or otherwise separable" and like language in the multiple sentencing problem. The defendant here was prosecuted in a single indictment in conformity with Ill. Rev. Stat. 1969, ch. 38, par. 3—3, requiring all known offenses to be prosecuted in a single prosecution.

Since the defendant concedes and this record supports the conviction for the burglary charge, it is correct and the sentence is affirmed. It is likewise our conclusion that the conviction for the theft of the Hanselman automobile must be affirmed on the theory that the theft of that automobile and the burglary of the gift shop were acts taking place at different times and places, and different individuals suffered from the particular acts. The evidence required to prove each was wholly separate and distinct. The theft of the automobile was complete and whether you call it one transaction, one course of conduct or a single act, the proof of burglary requires one type of evidence and the proof of the automobile theft another. Any connection between the two is purely coincidental.

They were independently motivated and separable in point of time, place and victim. They did not arise from either identical conduct or a single act. There was no necessary relationship between the two. One had to be completed before the other. The motivation in each was independent and the act or conduct in each was divisible and separate. In *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24, the aggravated battery charge was found to have occurred during and as a part of an attempted armed robbery and hence was not "independently motivated or otherwise separable". In *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651, the armed robbery and the armed violence charged occurred at the same time, the same place and concerned the same victim, and it would appear from that case that the armed violence was employed in effectuating the armed robbery. In *People v. Raby*, 40 Ill.2d 392, 240 N.E.2d 595, it was determined that the disorderly conduct charged was completed before the offense of resisting arrest occurred, and that there was no necessary relation between the offenses. In *People v. Wilson*, 51 Ill.2d 302, 281 N.E.2d 626, the defendant was surprised during an attempted burglary and shot the officer during the course of an arrest. It was contended that consecutive sentences could not be sustained. The court determined that the acts and mental state in the respective offenses were independent and that the conduct as to the offenses were separable. In *People v. Harper*, 50 Ill.2d 296, 278 N.E.2d 771, where there was a rape followed by a robbery of a single individual at the same time and place, it was held that they constituted separate acts involving different elements. As such they were separate offenses for which concurrent sentences are both constitutionally and statutorily permissible.

In *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679, the theft of an automobile was regarded by the court as an instrumentality effectuating the escape and escape being the more serious offense, the conviction for the theft was vacated. In short, proof of the theft of the automobile was part and parcel of and related to the escape. In *People v. Lerch*, 52 Ill.2d 78, 284 N.E.2d 293, the defendant was charged with an attempt to escape and aggravated battery. The court characterized the battery as complete before the attempt to escape was made and noted that the battery was done to effectuate the escape. The thrust of these cases seems to be that the multiple offenses charged arose from and occurred during a single act and that proof of the lesser offense is part and parcel of proof of the greater offense.

We therefore conclude that the judgment and sentence for burglary and the judgment and sentence for the theft of the Hanselman automobile are as a matter of fact and as a matter of law independent acts, separate and distinct, as to time, place and persons affected and accord-

ingly, the conviction and the sentence of two to five years is affirmed. While the possession of burglary tools and the theft of the goods in the gift shop might be characterized either as separate and distinct crimes or part and parcel of the crime with which they were specifically connected, a sentence imposed upon either would appropriately be less than the burglary sentence and accordingly be served before the conclusion of the burglary sentence. This being true, we would regard it as an exercise in judicial futility to reverse and remand this case for that purpose only.

Accordingly, the conviction and sentence for the possession of burglary tools and the theft of the items taken from the gift shop are reversed. The conviction and sentence for burglary and the theft of the Hanselman automobile are affirmed and the cause remanded with directions that the mittimus be modified in accordance with this opinion.

Affirmed in part; reversed in part and remanded.

CRAVEN, P. J., and TRAPP, J., concur.