THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILTON STEEN, Defendant-Appellant.

(No. 57277;

First District—December 27, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and John C. O'Rourke, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Milton Steen, was found guilty of attempted murder and aggravated battery after a bench trial in the Circuit Court of Cook County. He was sentenced to one term of two to six years in the Illinois State Penitentiary.

The issues on appeal are whether he was proven guilty beyond a reasonable doubt and whether both convictions can stand when they arise out of the same criminal conduct and are not independently motivated.

On December 31, 1969, Earl Ellis went to the Star Fire Lounge on South Homan at about 3:00 P.M. He testified he stayed about ten minutes without having anything to drink and went next door to the poolroom, where he remained for the next five hours. He returned to the bar at 8:00 P.M. to make a telephone call, but the telephones were in use and he started to leave when someone called out his name. He turned and was shot a total of five times in the face, shoulder and arm, by the defendant, who was tending bar. He stated he exchanged no words with him and did not know why he had been shot.

The defendant testified Earl Ellis, a regular in the bar, had often become boisterous, using offensive language and "horsing around." He said the manager had given him permission to refuse service to anyone who acted in that manner but had not done so prior to that evening. He stated Ellis came in at 5:45 and made a commotion with his friends. Steen told his assistant not to serve him, and Ellis became angry, swearing at him and calling him "Miss." Steen said he called the police and then summoned the owner who came and talked to Ellis. At about 8:00 P.M., Ellis passed in front of the bar on his way out and asked Steen in vulgar language if he was calling the police again. He testified Ellis reached over the bar for his collar with one hand and held a four and one-half inch knife in the other. Steen picked up a .22 caliber revolver and told Ellis to get out the door. When Ellis did not move, he emptied the gun at him. Steen said Ellis didn't move one inch until he fired the entire five bullets at him, and then slowly slid down the bar.

Charles Whitfied, a regular customer in the bar, testified he was talking on the telephone at about 7:30, when Ellis came up to him and asked to use it. Whitfield said he wouldn't talk long. A few seconds later he saw Ellis start out the door and saw the defendant shoot him in the face. Ellis dropped to the floor, and then Steen leaned over the bar

and shot him two more times. Whitfield also stated that several of the regulars, including Ellis, had frequently teased Steen about being a homosexual.

Warren Whaley, another regular customer, testified he saw Steen shoot Ellis and then raise up over the bar and continue firing as Ellis lay on the floor. He stated he heard Steen say that he was tired of Ellis harrassing him.

None of the witnesses saw Ellis display a knife, and none was found.

The first contention is the defendant was not found guilty beyond a reasonable doubt. There is no question Steen is the one who fired the shots. The only question is whether it was done in self-defense. Ellis stated there were no words between him and Steen on that day in contradiction to the testimony of both Steen and Warren Whaley. However, Whitfield testified Ellis was at the door when he was shot, not reaching over the bar, and there was no corroboration for Steen's story that Ellis came at him with a knife. No one saw him with a knife on that or any other day, and none was found at the scene of the crime. In addition, two witnesses saw Steen continue to fire at Ellis after he had fallen to the floor, in contradiction to Steen's testimony that Ellis did not fall until all five bullets had been fired.

■■ The judge heard the testimony, saw the witnesses, and stated he found the defendant's story impossible to believe. In a bench trial, the credibility of the witnesses is determined by the trial judge. (*People v. Schumacher* (1967), 90 Ill.App.2d 385). This evidence establishes the defendant was proven guilty beyond a reasonable doubt.

■■ The defendant also contends he should not have been convicted of both aggravated assault and attempted murder, because the crimes arose out of the same conduct. We agree. Both convictions were based on the identical conduct of pulling the trigger five times, and in that situation the more serious crime includes the lesser one. (See *People v. Sullivan* (1970), 46 Ill.2d 399.) Therefore, the conviction for aggravated battery must be reversed.

For these reasons the judgment of the Circuit Court of Cook County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

BURMAN and ADESKO, JJ., concur.