The People of the State of Illinois, Plaintiff-Appellee, *v.* Gary W. Millsap, Defendant-Appellant.

(No. 71-148;

Third District—December 28, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

Thomas M. Ewert, Assistant State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from an order finding the defendant, Gary W. Millsap, in violation of probation and as a result of such violation his probation was revoked and he was sentenced to the State Penal Farm at Vandalia for a term of nine months.

The factual situation which led to the imposition of this sentence had its beginning on July 14, 1970, when an information was filed against the defendant charging him with the non-support of his two minor children. The defendant pleaded guilty to the charge and was granted probation for a period of one year and one of the conditions of his probation was that he was to pay $30.00 per week for the support of his

children. The defendant failed to comply with this condition and was found to be in violation of his probation but the trial court again granted probation for an additional term of two years. Without making a detailed recital of the defendant's appearance in court we will only note that prior to the final revocation of his probation and the imposition of the sentence he appeared in court on eleven different occasions. The record further discloses that on one occasion and while on probation the defendant received an income tax refund in the sum of $1070.00 of which he kept a sum in excess of $700.00 for his personal use even though he was in arrears on the support payments.

The defendant in his brief states as the only issue presented by this appeal that proper principles of sentencing and common sense require that his sentence be reduced.

In support of his argument for a reduction of sentence the defendant claims that he is not a typical criminal defendant and that if incarcerated he most certainly would not be able to assume the role of a "breadwinner" and thereby support his family. With these contentions of the defendant we have no quarrel and it is obvious from the record that the trial court was also cognizant of the fact that the defendant's misconduct was of a financial nature rather than misconduct that posed a threat to society in general. That the trial court recognized that incarceration of the defendant in a penal institution would not assist his children is quite apparent by the many opportunities afforded to the defendant to comply with the one paramount and vital condition of his sentence of probation, which was that he make child support payments, the reasonableness of which is not questioned. The defendant by his complete disregard of the court's orders left to the court no alternative but to impose a sentence of incarceration. To have acted otherwise would have been an invitation by the trial court to all irresponsible fathers to flaunt the law with a resultant breakdown of the sanctions which support our judicial system.

■■ The sentence imposed was within the maximum penalty prescribed by statute. (See Chap. 38, Sec. 117—3 (d), Ill. Rev. Stat.; Chap. 68, Sec. 24, Ill. Rev. Stat.) We have consistently approved the rule set forth in *People v. Taylor*, 33 Ill.2d 417, 271 N.E.2d 673, that under applicable statutes granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant, such authority should be applied only with considerable caution and circumspection. This court has stated that the appeal court is to intervene only in the event that the sentence is a clear departure from the fundamental law or is not proportionate with the nature of the offense. (*Poeple v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651.) We do not find any such departure or unproportionate offense present in the instant case. We cannot sub-

scribe to the defendant's contention that it is wrong *per se* to impose a sentence of incarceration upon one found guilty of failure to support his children, nor do we find that the trial court abused its discretion in imposing the sentence.

During the course of oral argument before this court both counsel for the defendant and the State divulged information to the effect that subsequent to the time he was sentenced the defendant and his wife effected a marital reconciliation and that since March of this year they have been living together, maintaining a home, and the defendant has supported the minor children. Such information can most certainly be considered extraneous to the issue presented by this appeal; however, we believe that we should take cognizance of it and even though we find no error in the actions of the trial court we nevertheless remand the cause for the purpose of affording the trial court an opportunity to reconsider the sentence imposed upon the defendant in the light of the changed circumstances. We therefore direct that this case be remanded for a rehearing upon the sentence imposed.

Remanded for reconsideration of sentence.

ALLOY and DIXON, JJ., concur.