THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES HOFFMAN, Defendant-Appellant.

(No. 11584;

Fourth District—February 14, 1973.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana,( Thomas L. Knight, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his convictions upon jury verdicts in aggravated battery and battery. He was sentenced to three to nine years upon the aggravated battery verdict.

Issues upon appeal include the sufficiency of the proof of guilt, the sufficiency of the indictment to charge aggravated battery and the alleged improper impeachment of defendant upon immaterial matters.

■■ The contention that the indictment was defective in that it failed to allege that the acts of battery were done "without legal justification" has no merit in the light of the opinion in *People v. Harvey*. (Illinois Supreme Court No. 45078, January, 1973.

It is contended that there was a failure to prove defendant guilty beyond a reasonable doubt. The victim, Irby, was knocked or thrown to the ground from behind. He could not identify the assailants. It is con-

tended that the testimony of his companion, Mrs. Montgomery, was impeached and should be descredited entirely as a knowing misstatement of fact.

■■ Mrs. Montgomery identified the defendant as one of the assailants who knocked or threw Irby to the ground and kicked or stomped on his head. It appears that Mrs. Montgomery sought to help Irby and the defendant is identified as the one who seized her roughly and threw her against the car. Mrs. Montgomery was a plaintiff in a suit for civil damages against defendant and one Spanglo, identified as the other assailant. It is said that she was impeached in that in a statement at the office of Spanglo's attorney she stated that Spanglo had kicked or stomped Irby. It is not clear whether or not such interview was a form of deposition. A deposition does not appear in the record, and during the trial reference was made to a sound recording about which Mrs. Montgomery was examined at some length. In this trial record it cannot be ascertained to what questions the statement purported to respond, and there appears but a fragment of an answer here. Nothing in the record suggests that we should conclude that there was a knowing misstatement of fact which requires that her testimony be considered entirely discredited. The credibility of the witness and the weight to be given to the testimony is a matter for the jury. *Beedle v. People*, 204 Ill. 197, 68 N.E. 434; *People v. Simmons*, 407 Ill. 417, 95 N.E.2d 477.

■■ A deputy sheriff called to the scene testified as to having observed the defendant stomp or kick Irby about the head. Defendant argues that his identification under the facts and circumstances is not persuasive. Such question is likewise a matter of credibility and weight to be determined by the jury. The evidence was of such weight that the trial court saw fit to deny defendant's post-trial motions.

■■ Defendant contends that the court erred in permitting impeachment of defendant upon an immaterial matter. The defendant testified that he had arrived at the "supper club" at 10:30 P.M. and played pool until leaving with two other men shortly before 1:00 A.M. The rebuttal witness testified to an encounter with the defendant at the entrance of the building between 12:15 and 12:30 A.M. While the impeachment might be deemed immaterial upon the sole question of time, the rebuttal was indeed material upon whether or not defendant was then wearing a goatee, an issue of fact under the evidence, and upon defendant's account of his activities at all times prior to his leaving the building. The asserted error is not preserved in the record for review. The State's Attorney stated the purpose of the rebuttal and the court overruled defendant's objection "at this time". Thereafter, the witness was called but no objec-

tion was made or motion to strike was directed to the testimony. The issue was not raised in either the post-trial motion or the argument upon the post-trial motion. Under such circumstances, it will not be considered upon review. *People v. Nelson*, 41 Ill.2d 364, 243 N.E.2d 225; *People v. Irwin*, 32 Ill.2d 441, 207 N.E.2d 76.

■■ The defendant contends that it was error to enter judgments of conviction upon both aggravated battery and battery. The evidence in this record discloses but a single course of beating—the acts constituting the offense do not appear separable or independently motivated. It appearing that the judgment upon the greater offense is valid and should be sustained, the judgment upon the lesser offense of battery is reversed under the rule of *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679. See also *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651.

The conviction and sentence for aggravated battery is affirmed and the conviction of battery is reversed.

Affirmed in part; reversed in part.

SMITH, P. J., and SIMKINS, J., concur.