THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD LEE CLELLAND, Defendant-Appellant.

(No. 72-98;

Third District—June 29, 1973.

DIXON, J., dissenting.

Steve Hurley, of Defender Project, of Ottawa, for appellant.

Jay H. Janssen, Assistant State's Attorney, of Pekin, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Richard Clelland, was charged with and found guilty by a jury of the offenses of armed robbery, robbery and theft. The Circuit Court of Tazewell County entered judgments of conviction for each of the offenses but sentenced defendant to 4 to 12 years in the penitentiary only on the armed robbery conviction.

The parties concede the three offenses each arose from the same act or conduct within the rule discussed and applied in *People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316, and *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679. In applying this rule the trial court sentenced defendant

only on the most serious offense, armed robbery. The sole issue presented on this appeal is the narrow issue of whether the court should have entered judgments of conviction on the other two offenses even though no sentences were imposed or, according to the defendant, whether the entry of judgments of conviction on these charges was error.

Generally, the problems related to multiple offenses committed by the same defendant have involved questions of whether the offenses arose from the same act or conduct. If the multiple offenses arise from the same act or conduct it is clear that only one sentence for the most serious offense may be imposed. (*People v. Whittington*, 46 Ill. 2d 405, 265 N.E. 2d 679). The effect or application of the rule on the other offenses has not received extensive discussion and the applicable rule has usually depended on dispositional phraseology. (See, *People v. Lilly*, 9 Ill.App. 3d 46, 291 N.E.2d 207 (leave to appeal granted).) Where the trial court's action regarding multiple offenses arising from the same act or conduct has been found to be erroneous, the court in recent cases has employed such dispositional language as, "* * * the judgment entered on the defendant's conviction of attempted armed robbery * * * is reversed" (*People v. Prim*, 53 Ill.2d 62, 289 N.E.2d 601), or "For the reasons given, the judgments of the Circuit Court of Lake County and Will County are affirmed, except for that portion of the judgment of the Circuit Court of Lake County convicting the defendant of aggravated battery, which portion is reversed." (*People ex rel. Walker v. Pate*, 53 Ill. 2d 485, 292 N.E.2d 387. See also, *People Hoffman*, 9 Ill.App. 3d 842, 293 N.E.2d 16, and *People v. Steen*, 9 Ill.App.3d 448, 292 N.E.2d 513). In *People v. Perry*, 47 Ill. 2d 402, 266 N.E.2d 330, only one sentence was imposed where multiple offenses were charged and the court in an appeal from a post conviction proceeding approved the conviction and sentence without indicating the effect of its approval on the lessor charges.

In *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651, followed in *People v. Short*, 4 Ill.App.3d 832, 281 N.E.2d 783, the court concluded that even though a single sentence had been imposed for the most serious offense, a judgment of conviction for another offense arising from the same act or conduct was improper. The court adopted and applied the rationale of *People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316, to the effect that an offender should not be punished twice for the same act or conduct. The court referred to the effect of convictions for other offenses on the defendant's potential for parole. To this consequence might be added the effects on the defendant's future prospects for employment, rehabilitation and general reputation. If in the instant case the convictions for the offenses of robbery and theft are permitted to

stand, it is difficult to avoid the conclusion either legally or practically that defendant has been convicted of three felonies. While not sentenced for three felonies, a distinction is one which neither court, parole board, employer nor fellow citizen is likely to appreciate. We believe the rule of *Leggett* is consistent with the objective of punishing an offender only once for the same act or conduct.

In accord with the foregoing reasons, the judgment of the Circuit Court of Tazewell County is affirmed as it relates to the defendant's conviction and sentence for armed robbery. The judgments of convictions for robbery and theft are reversed.

Judgment affirmed in part and reversed in. part.

Alloy, P. J., concurs.

Mr. JUSTICE DIXON dissenting:

The sole issue here is whether defendant was erroneously "convicted" for multiple offenses arising out of the same transaction.

The word "conviction" in its ordinary sense has one meaning and in its technical legal sense quite another. (24 C.J.S. Criminal. Law, sec. 1556.) A judgment or sentence is indispensable to a conviction in the latter sense of the term and the mere ascertainment of guilt by verdict or plea which satisfies the ordinary definition of conviction does not suffice. Also see 18 C.J.S. Conviction, page 97.

The question arose early in Illinois in *Faunce v. The People*, 51 Ill. 311, where the court said, "This presents the question, what is a conviction? Is it the verdict of guilty, or is it the sentence or judgment rendered on such a verdict? * * * It is true, that writers and judges have loosely said, that a party is convicted on the finding of a verdict against him. It is true in a sense that he has been convicted by the jury but not until the judgment is rendered is he convicted by the law; * * * *."

*Faunce* was discussed in *The People v. Andrae*, 295 Ill. 445. To impeach the testimony of Andrae a record of a previous conviction of Andrae for burglary was introduced. He had been given probation for that earlier offense and, of course, argued that since he was not sentenced he was not convicted. Andrae's argument was rejected but the court did not overrule *Faunce* holding that in case of probation "it is not necessary to construe the term 'conviction' with the strictness required at the time the decision in *Faunce v. People* was rendered". The court further states, "The reason for holding that the sentence is a part of the conviction is that a conviction is not legally established until the final judgment of the court is entered upon the plea or verdict of guilty".

The court also stated, "When a prisoner enters his plea of guilty or where the prisoner is found guilty by the verdict of a jury it is *not*

necessary for the court to enter a judgment finding the prisoner guilty. When the court receives and enters the plea or verdict of guilty, it follows as a legal inference that the court finds the defendant guilty. *Hoch v. People,* 219 Ill. 265".

21 Am. Jur. 2d Criminal Law, sec. 618 says, "The word 'conviction' has two meanings: its ordinary or popular meaning, which refers to a finding of guilt by plea or verdict, and its legal or technical meaning, which refers to the final judgment entered on plea or verdict of guilty. In some legal contexts, the word may appear in its popular sense, though in others the strict sense is used and a verdict or plea of guilty is not a conviction until a judgment has been entered. * * * It has been suggested that the popular meaning is adopted only where the rights of persons other than the convict are involved, *but where legal disabilities, disqualifications, and forfeitures are to follow, the strict legal meaning is to be applied,* absent some indication of a contrary intent."

The word "conviction" as defined in the Criminal Code of 1961, Chap. 38, sec. 2-5, "means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense * * * ."

The word "judgment" as defined in the Code of Criminal Procedure of 1963, Chap. 38, sec. 102-14 means, "an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty *it includes the sentence pronounced by the court".* Emphasis supplied.

Further, in *People v. Duszkewycz,* 27 Ill.2d 257, on 260 the court discussed *People v. Schlenger,* 13 Ill.2d 63 (which appears to have started it all) stating, "The opinion in the *Schlenger* case relied particularly upon decisions of the Supreme Court of Indiana, but the conclusion reached was consistent with earlier decisions of this court. (*People v. Giacomino,* 347 Ill. 523; *People v. Bailey,* 391 Ill. 149; *People v. Winston,* 395 Ill. 263.)" In those cases the court adopted with approval a statement from Wharton, Criminal Pleading and Practice, (8th Ed.) Sec. 737 as follows: "When counts are joined for offenses which are different but not positively repugnant and there is a general verdict of guilty, the practice is to sentence on the count of the highest grade, the prosecution either expressly or *tacitly* withdrawing the other counts."

The constitutional aspects of the problem were discussed in *People v. Perry,* 47 Ill.2d 402, 408, and the court stated, "We find this argument entirely without merit."

Ordinarily, in order to constitute a conviction of crime of which evidence can be given to effect the credibility of a witness, there must be not only a verdict of guilty, but also a judgment or sentence thereon by the court. *People v. Wheeler,* 5 Ill.2d 478, 481.

As was pointed out in oral argument in the instant case, various panels of the Appellate Court are now citing one another to sustain or reverse. I, therefore, will cite *People v. Lilly,* 9 Ill.App.3d 46, 291 N.E.2d 207, as authority to sustain, (leave to appeal has been allowed) and *People v. Chacon,* 10 Ill.App.3d 543, 294 N.E.2d 743.

*People v. Leggett,* 2 Ill.App.3d 962; 275 N.E.2d 651 cites only *People v. Schlenger,* 13 Ill.2d 63, where there was a sentence on each count. The defendant asked only to have the second sentence set aside and the court obliged. *People v. Short,* 4 Ill.App.3d 832, 281 N.E.2d 783, was decided by the same panel which decided *Leggett* and followed *Leggett* as its only authority. In *People v. Prim,* 53 Ill.2d 62, 289 N.E.2d 601, the Supreme Court certainly did not confirm *Leggett,* the court said, "therefore but a single sentence should have been imposed" and the court reversed, "The judgment entered on the conviction" to-wit, the second sentence. In *People ex rel. Walker v. Pate,* 53 Ill.2d 485, 292 N.E.2d 387, there were concurrent sentences. In *People v. Miller,* 289 N.E.2d 23, 7 Ill.App.3d 878, there were concurrent sentences. *People v. Harms,* 8 Ill.App.3d 960, 290 N.E.2d 676, is an abstract opinion where there were apparently two sentences involving sec. 8-5 of the Criminal Code. In *People v. Beall,* 8 Ill.App.3d 739, 290 N.E.2d 410, there were multiple sentences. *People v. Steen,* 9 Ill.App.3d 488, 292 N.E.2d 513, is squarely against my position. It cites only *People v. Sullivan,* 46 Ill.2d 399, as authority. I wish *Sullivan* were authority but it is not as multiple sentences (fines) were imposed for identical conduct. *People v. Hoffman,* 9 Ill.App.3d 842, 293 N.E.2d 16, is against my position. The court cites only *Leggett* and *People v. Whittington,* 46 Ill.2d 405. In *Whittington* there were multiple sentences. In *People v. Gant,* 9 Ill.App.3d 774, 293 N.E.2d 20, there were concurrent sentences.

None of the cases reversing have even remotely suggested how the trial courts could or should handle the matter at the trial level. It does seem somewhat overdoing it to require an appeal (as here) where it is the only issue involved.

As to the argument that these verdicts will prejudice the defendant before the parole board and also when he applies for employment, first of all there is hardly a board member or employer so naive as to not know that one who has committed an armed robbery certainly did a robbery while armed with a dangerous weapon and also did take property. In fact the gist of robbery is an assault and a larceny and the public well knows it.

No one has pointed out just how the verdicts will prejudice the parole board.

To sum up, it is my conviction that defendant has been convicted of

but one offense. Note that in its final order the trial court said, "does order sentence upon judgment of guilty heretofore entered upon the verdict of the jury finding defendant guilty of the charge of Armed Robbery * * *."