THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD HEEVNER, Defendant-Appellant.

(No. 72-165; ▮▮▮▮▮▮▮▮▮▮

Third District—November 14, 1973.

DIXON, J., concurring in part and dissenting in part.

James Geis, Deputy Defender, of Ottawa, for appellant.

William Dueringer, Assistant State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Edward Heevner pleaded guilty in the Circuit Court of Rock Island County to burglary and armed violence on January 9, 1970, and was thereafter sentenced to not less than two (2) years nor more than ten (10) years in the State Penitentiary.

On appeal in this Court, defendant now contends that it was error for the trial judge to accept his plea when it was apparent that he did not understand the nature of the charge, and, secondly, that the court erred in entering judgment and sentence on the burglary since it arose from the same act and conduct which constituted armed violence. From the

record we note that the defendant was indicted for burglary, possession of burglary tools, and armed violence. The specific actions of defendant were indicated in the record by the State's Attorney, in the presence of defendant and prior to sentencing.

■■ In conjunction with the plea of defendant, the attorney for defendant inquired of defendant whether he understood that he was charged with the offenses of burglary, possession of burglary tools, and armed violence. Defendant said that he did. He also responded positively when his attorney asked him whether he had discussed the case with defendant and as to the possibility of winning. The court also asked the assistant State's Attorney to tell the court what the case was about and a short summary was then given concerning the facts that supported the charges. The nature of the charges was then also discussed in the presence of defendant. The court then advised defendant that the State had advised him of the nature of the charges and the facts out of which the offenses grew, and, when the court inquired personally of defendant whether he understood the nature of the charges against him, defendant responded affirmatively. The court made a specific finding at the close of the proceeding that defendant understood the nature of the charges. Rule 401(b) (Ill. Rev. Stat. 1969, ch. 110A, § 401(b)) was in effect at the time of the acceptance of the plea of guilty. There was obviously substantial compliance with the requirement that the nature of the charge be explained to defendant as shown by the record. We, therefore, conclude that defendant was adequately advised of the nature of the charges against him.

■■ As to the sentencing on the plea of guilty to the offense of burglary as well as armed violence, we note that armed violence is the greater of the offenses and that apparently the offenses arose out of the same conduct. We have been confronted with this issue a number of times, and, although the Supreme Court of this State has not yet expressly determined this issue, we have concluded that only where the conviction of the greater offenses is sustained, will the sentence for the lesser offense be vacated, where the crimes result from the same conduct and are not independently motivated or separable. (*People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651.) Since we here affirm the conviction for armed violence, in accordance with the precedent as outlined in *People v. Leggett*, we believe that the conviction for burglary should be vacated. The conviction and sentence for armed violence are affirmed, and conviction and sentence for burglary are vacated.

Modified and affirmed.

STOUDER, J., concurs.

Mr. JUSTICE DIXON concurring in part and dissenting in part.

I agree that only a single sentence should have been imposed. For reasons given in *People v. Lilly,* 9 Ill.App.3d 46 and in my dissent in *People v. Clelland,* 12 Ill.App.3d 912, 299 N.E.2d 48, I would affirm both convictions in the instance case.