THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE LEE AKINS, Defendant-Appellant.

Fifth District   No. 75-304

Opinion filed October 29, 1976.—Supplemental opinion filed upon denial of rehearing December 16, 1976.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Jimmie Lee Akins, was charged by indictment, filed in the circuit court of St. Clair County, with the offenses of armed robbery and aggravated battery. Following a jury trial, the trial court entered judgments of conviction for each of the offenses but sentenced defendant to five to 15 years' imprisonment only on the armed robbery conviction. Defendant appeals the judgment entered by the trial court.

On appeal, defendant contends that his aggravated battery conviction must be vacated because the conduct constituting this offense arose out of the same conduct as, and was not independently motivated or otherwise separable from, the acts comprising the armed robbery. The State responds by contending that this court is without jurisdiction to entertain defendant's contention. We first address the State's contention.

■■ The State argues that since no issue is raised on appeal concerning the final judgment entered by the court on the verdict of armed robbery, this court may not consider defendant's contention concerning the incomplete judgment entered on the verdict of aggravated battery. Defendant's timely notice of appeal is taken from both convictions. By filing a notice of appeal from the judgment of the trial court defendant complied with the only jurisdictional act required of him. (Ill. Rev. Stat. 1975, ch. 110A, par. 606.) Despite the fact that no sentence was imposed on defendant's aggravated battery conviction, this case is properly before us on appeal from his conviction for armed robbery. (*People v. Lilly*, 56

Ill. 2d 493, 309 N.E.2d 1; *People v. Shanklin*, 26 Ill. App. 3d 167, 324 N.E.2d 711; *People v. Gamboa*, 30 Ill. App. 3d 242, 332 N.E.2d 543; *People v. Clelland*, 12 Ill. App. 3d 912, 299 N.E.2d 48.) That defendant failed to raise any issue with regard to his armed robbery conviction does not affect this court's jurisdiction to hear his claim regarding the related aggravated battery conviction. (See *People v. Clelland*, 12 Ill. App. 3d 912, 299 N.E.2d 48.) Accordingly, we consider the merits of defendant's contention.

The evidence at trial establishes that defendant confronted Leroy Porter with a gun in an alley behind Porter's restaurant in East St. Louis. Defendant then forced Porter to enter the restaurant. Inside were four people, including a grill man, Jean Kicker. Kicker, unaware that defendant was holding a gun at Porter's back, approached defendant. Without provocation, defendant struck Kicker in the head with the gun causing a wound requiring four stitches to close. Immediately after taking the day's receipts, $380 in cash, defendant and his accomplice fled.

■■ The force exerted against Kicker was entirely separate and distinct from the force and intimidation directed against Porter to effectuate the armed robbery. Separate conduct was shown supporting each of the charges and different men were the victims of each offense. Under the circumstances, two crimes were committed and there can be two convictions. (*People v. Prim*, 53 Ill. 2d 62, 128 N.E.2d 601, *cert. denied*, 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731; *People v. Terry*, 38 Ill. App. 3d 517, 347 N.E.2d 869; *People v. Butler*, 64 Ill. 2d 485, 356 N.E.2d 360.) Consequently, we find no merit to defendant's contention.

■■ One further issue is presented by the State. The State contends that the trial court should have imposed a sentence on defendant's aggravated battery conviction and that a remand with directions to do so is the proper disposition of this case. In urging this contention, the State is in the posture of an appellant. Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)) strictly limits the State's right to appeal. The Rule does not allow the State to contest the propriety of the imposition of a sentence on a criminal defendant. (*People v. Kent*, 40 Ill. App. 3d 256, 350 N.E.2d 890.) Had defendant not brought this appeal, the State thus could not even have suggested the issue it seeks to present. Accordingly, we do not consider it now.

For the foregoing reasons we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

KARNS, P. J., and JONES, J., concur.

## SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

It has been brought to our attention by a petition for rehearing filed by defendant that an alternative contention raised by him has not been passed upon in our original opinion. Defendant contends that because no sentence had been imposed on the aggravated battery judgment, it did not constitute a conviction and thus it must be vacated.

■■ The record shows that a judgment of conviction for aggravated battery was entered by the trial court upon the jury's guilty verdict.

> " 'Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Ill. Rev. Stat. 1973, ch. 38, par. 2—5; see also Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—5.)

It thus follows, in the instant case, that since a judgment of conviction for aggravated battery was entered upon the jury's verdict, defendant stands convicted thereof. The fact that no sentence was imposed on the conviction, does not, in our opinion, require vacation of the conviction.

In *People v. Gamboa,* 30 Ill. App. 3d 242, 332 N.E.2d 543, cited by defendant, the defendant was convicted of attempted murder and aggravated battery. The trial court imposed sentence only on the less serious offense of aggravated battery. On appeal the court vacated the incomplete judgment for attempt murder. This case is distinguishable from the one at bar since there the court held that both offenses arose from the same conduct. See *People v. Lilly,* 56 Ill. 2d 493, 309 N.E.2d 1.

Defendant also cites *People v. Robinson,* 41 Ill. App. 3d 526, 354 N.E.2d 117, wherein the court affirmed the defendant's conviction on three armed robbery counts. From the record, however, it was unclear to the court whether the defendant had received a single sentence or multiple sentences of three to five years. The court therefore remanded the cause for clarification but additionally directed that any judgments of conviction upon which no sentence was imposed were to be vacated. (See also *People v. Cook,* 41 Ill. App. 3d 946, 354 N.E.2d 122.) In light of the holdings in *Robinson* and *Cook* affirming the judgments of convictions, we find no support in each case for the additional direction given on remand clarification and we thus decline to follow these cases.

The petition for rehearing is denied.

JONES, and KARNS, JJ., concur.