(No. 40294.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* VIOLA ANN PRY, *alias* Jane Doe, Appellant.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

DANIEL D. GLASSER, of Chicago, for appellant.

GEORGE R. KENNEDY, State's Attorney, of Peoria, (JAY H. JANSSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant, Viola Ann Pry, was arrested and charged with keeping a house of prostitution in violation of section

11—17 of the Criminal Code of 1961 (Ill. Rev. Stat. 1963, chap. 38, par. 11—17). Holly Fountaine, *alias* Carolyn Pierce, and Barbara Ray were arrested at the same time and charged with prostitution. The three cases were consolidated for trial before a magistrate in Peoria County without a jury and at the close of the People's evidence, all defendants moved for dismissal. The magistrate dismissed the prostitution cases against Fountaine and Ray, but denied the motion as to the defendant Viola Ann Pry. Pry stood on her motion and offered no evidence. She was found guilty of keeping a house of prostitution and sentenced to one year in the Illinois Women's Reformatory. On appeal to the Appellate Court, Third District, the judgment of the trial court was affirmed, with one judge dissenting (75 Ill. App. 2d 103). We granted leave to appeal.

The defendant contends that the testimony of the only witness, the sheriff of Peoria County, was contradictory and unresponsive; that there was no proof of the *corpus delecti;* that the entry into the home and the arrest of the defendant were unconstitutional; and that the People did not prove the guilt of the defendant beyond a reasonable doubt.

The only evidence introduced was the testimony of the Peoria County sheriff who went to 405, 412, and 409 Aiken Street in Peoria on May 28, 1965. It appears that 405 Aiken Street had been padlocked for one year and the sheriff was unlocking it. He then checked the padlock at 412 Aiken Street, and while walking across the street he was "approached by a sign" to come to 409 Aiken Street, and he proceeded to the porch of 409 Aiken. The front door then opened about six to eight inches, and a girl told him to "come to the back door. We don't allow anyone at the front door." The sheriff proceeded to push open the front door and found Barbara Ray and Holly Fountaine. He announced his office and placed both girls under arrest for prostitution. The sheriff then walked into another room

where he found the defendant and after telling her what happened took all the women to the police station.

In response to a question concerning conversations he had at the police station with the defendants, the sheriff stated: "We discussed what happened and the Ray girl said she had only been there one day. She had come from the south some place and the Fountaine girl said she had been there a couple of days. I asked Ann if she was the sole proprietor of the place and she said she and her husband are and they had been working at prostitution." Defense counsel's objection to the answer was overruled. The sheriff thereafter testified that both Barbara Ray and Holly Fountaine admitted working "at prostitution."

Defendant claims that the magistrate erred in overruling the objections to the sheriff's statement that the defendant told him that she and her husband owned the place and worked at prostitution. The sheriff's answer was in reply to the question "Will you please tell the court the nature of the conversation (with the defendants), to the best of your recollection." The question was not objected to and it is our opinion that the answer was responsive and no error was committed in overruling defendant's counsel's objections to the answer.

Defendant goes on to argue, however, that even if Viola Pry's admissions were properly introduced into evidence these admissions in and of themselves are insufficient to establish the *corpus delicti*.

We agree with the defendant that admissions cannot alone establish the *corpus delicti*. However, this does not mean that the *corpus delicti* must be proved by evidence, aside from the confession, beyond a reasonable doubt. Direct and positive evidence is unnecessary to prove the *corpus delicti* and it is sufficient if other evidence so corroborates the confession or admission as to show the commission of the offense beyond a reasonable doubt. *People* v. *Lueder,* 3 Ill.2d 487; *People* v. *Berger,* 284 Ill. 47.

From the record before us we are convinced that there is sufficient corroborating evidence in addition to defendant's admissions to establish the *corpus delicti*. The gist of defendant's offense is that she granted to others the use of premises under her control under circumstances showing her awareness that the place was to be used for prostitution. (Ill. Rev. Stat. 1965, chap. 38, par. 11—17.) In addition to the evidence of defendant's admissions, the testimony of the sheriff shows that he was solicited at 409 Aiken Street by one of two girls who later admitted to be working at prostitution. The defendant was in the house at the time. These facts, together with her admissions of control of the premises, sufficiently establish the *corpus delicti*.

It is next contended that the sheriff's entry into the house was unwarranted and the arrest of the defendant unconstitutional. These points were not raised in defendant's written motion for a new trial, nor were they argued before the appellate court. Consequently, they are deemed to have been waived and are not subject to review. *People* v. *Touhy,* 31 Ill.2d 236, *People* v. *Greer,* 30 Ill.2d 415.

Defendant's final contention is that she was not proved guilty beyond a reasonable doubt. We have held that the testimony of one witness alone, if it is positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. (*People* v. *Solomon,* 24 Ill.2d 586.) Here no contradictory evidence was presented. The determination of the witnesses' credibility was a function of the trial judge and upon review of the entire record, we can see no reason for substituting our judgment for that of the trial judge.

Summarizing then, it is our opinion that the *corpus delicti* was sufficiently established by competent evidence *aliunde* the defendant's own admissions and that the finding of guilty is sustained by credible evidence. Accordingly, the decision of the appellate court is affirmed.

*Judgment affirmed.*