(No. 42003.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES SULLIVAN *et al.,* Appellants.

*Opinion filed October 7, 1970.*

Underwood, C.J., dissenting.

Geter & Geter, of Chicago, (Howard D. Geter, Sr. and Howard D. Geter, Jr., of counsel,) for appellants.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

Charlie Sullivan, Leroy Jenkins and Geraldine Dougherty were jointly tried and found guilty in a bench trial in the circuit court of Cook County. Sullivan was convicted of resisting arrest in violation of an ordinance of the city of Chicago, for which a $50 fine was imposed; Jenkins and Miss Dougherty were convicted of unlawful use of weapons, (Ill. Rev. Stat. 1967, ch. 38, par. 24—1(a)(2),) and were

fined $100 each; and all three were found guilty of the municipal offense of disorderly conduct, for which $25 fines were suspended as to each defendant. They claim here that the weapons were seized unlawfully and therefore should have been suppressed from evidence, and apparently contest each conviction on the ground of insufficient evidence.

One of the arresting officers testified that he and his partner received information that weapons were being transported in a blue Mustang and were told of the car's general location. Acting on this tip the officers located the car at approximately 11:00 P.M., parked on a residential street. They approached the car, identified themselves to the occupants, and announced that they were investigating a report that weapons were being illegally transported. At that juncture, the defendants got out of the car and engaged in loud protests, which attracted a small crowd of local residents. Pursuant to arrests for disorderly conduct, the defendants were searched; Jenkins and Miss Dougherty were each carrying a sheathed hunting knife. One knife was introduced into evidence, but the other was apparently lost at the police station.

The challenge to the convictions for disorderly conduct because of insufficient evidence does not have merit. The testimony of the arresting officer described what constituted disorderly conduct by the defendants and his testimony was believed by the trial judge. The testimony of a single credible witness is sufficient to convict notwithstanding contradictory testimony by the accused, and the trial judge's determination will not be lightly set aside. (*People* v. *Pry,* 38 Ill.2d 261, 264; *People* v. *Solomon,* 24 Ill.2d 586.) We find here no reason to substitute our judgment for that of the trial court; the convictions for disorderly conduct are accordingly affirmed.

However, the conviction of Sullivan for resisting arrest must be reversed. We consider that there is not sufficient evidence in the record to support conviction on that charge.

Even if for argument's sake the evidence were to be considered sufficient for a conviction for resisting arrest, such conviction and the conviction for disorderly conduct would have to be regarded as based on identical conduct by the defendant Sullivan. The record does not disclose additional and separable conduct by him which would sanction multiple convictions. Under such circumstances more than one conviction could not stand. Ill. Rev. Stat. 1967, ch. 38, par. 1—7(m), and the Committee Comments thereto, S.H.A. ch. 38, § 1—7, p. 32; *City of Chicago* v. *Hill,* 40 Ill.2d 130; *People* v. *Stewart,* 45 Ill.2d 310; *People* v. *Whittington,* post at 405, filed this term.

The convictions for unlawful use of weapons required proof that the knives were carried or possessed "with intent to use the same unlawfully against another, * * *." (Ill. Rev. Stat. 1967, ch. 38, par. 24—1(a)(2).) The State argues that the requisite intent may be proved by the surrounding circumstances, citing *People* v. *Shields,* 6 Ill.2d 200, 205, where it was held that intent to murder can be inferred from the character, manner, and circumstances of an assault. We agree, of course, with the general proposition that criminal intent may be inferred from circumstantial factors. But the circumstances here do not reasonably establish intent to use the hunting knives against another. The State's position appears to be that no other theory can reasonably explain the possession of hunting knives late at night in a residential area. While the State's point that use of the knives for hunting purposes does not appear to have been the intent of the defendants, Jenkins and Dougherty, must be admitted, one cannot conclude from this that Jenkins and Dougherty intended unlawfully to use the knives against another. Were such a conclusion to be drawn it would be in effect a holding that the statute prohibited the carrying of a hunting knife for any purpose other than for the purpose of hunting. No prohibition exists; simple possession of a hunting knife is not criminal. The legislature

has specifically named the weapons, the simple possession of which is *per se* unlawful. Subsection (a)(1) of the unlawful use of weapons statute prohibits the possession of a switchblade knife, sawed-off shotgun, brass knuckles, blackjack, *etc.,* but as to a hunting knife proof of intent to use it unlawfully against another is essential. It is the proof of that intent, or circumstances from which such intent is reasonably inferrable, that is missing here. Thus, affirming the convictions cannot be justified where the weapons are not contraband, and no evidence reasonably establishes an intent to use the weapons unlawfully against another. Therefore these convictions must be reversed. In view of this disposition, we need not consider the claim that the weapons should have been suppressed from evidence, nor the significance of the disappearance of one of the knives.

*Affirmed in part and reversed in part.*

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

I do not agree that the evidence is insufficient to support the convictions of defendant Sullivan for both disorderly conduct and for resisting arrest.

The Municipal Code of Chicago, section 11—33, provides that resisting arrest is committed by any person who resists or obstructs the lawful acts of one known to him to be a peace officer or who aids another in so doing. This municipal provision is quite similar to the statutory resisting-arrest provision (Ill. Rev. Stat. 1967, ch. 38, par. 31—1) and both provisions are intended to prevent frustration of the valid enforcement of the law and to promote the orderly and peaceful resolution of disputes. (*Landry* v. *Daley,* (N.D. Ill. 1968), 280 F. Supp. 938, 959.) The act of obstructing or resisting a peace officer in the performance of his duty may be passive as well as active and does not require resistance and force. *People* v. *Raby,* 40 Ill.2d 392, 402.

I believe the conduct of defendant here is sufficient to

warrant his conviction for resisting arrest under the Municipal Code of Chicago. The evidence in the record discloses that subsequent to his arrest for disorderly conduct, Sullivan persisted in such disorderly conduct and continued his efforts to attract and incite a crowd of local residents. Sullivan's actions went well beyond mere argument with a police officer about the validity of the arrest. His loud and repeated appeals to the gathering crowd concerning police brutality and the presence of white officers in a black neighborhood were intended to hinder, impede and delay the performance of the officer's duties. In my judgment this was sufficient to constitute resisting arrest, for a citizen is under a duty to cease his unlawful conduct immediately upon arrest. (See *Raby,* 403, 404.) He may not, in my opinion, continue, with immunity from further penalty, to do the very things which caused his arrest in the first place. The contrary holding of the court does nothing to encourage a cessation of the offensive conduct nor protect the officer in the discharge of his duties. It seems to me clearly the intent of the ordinance that persistence, after arrest, in the conduct which caused the arrest may be punished as resisting arrest where that conduct tends to obstruct the officer, and certainly that was the intent of defendant here.

At a bench trial the weight of testimony and the sufficiency of evidence are questions for the determination of the trial judge and his decision will not lightly be set aside on review. (*People* v. *Mulack,* 40 Ill.2d 429, 432; *People* v. *Pry,* 38 Ill.2d 261, 264; *People* v. *Scott,* 38 Ill.2d 302, 306.) I believe the finding that Sullivan was guilty of resisting arrest is justified by this record.

Apart from the question as to the sufficiency of the evidence, however, I am particularly concerned with the arguendo opinion of the court that convictions for disorderly conduct and resisting arrest cannot both stand because multiple convictions for the "same conduct" are proscribed. Regardless of the application of that rule to other

situations, it is not, in my judgment, appropriate here. Its application by the court results, I believe, from a general lack of clarity by this court in the area of multiple convictions.

My reasons for my view on this question appear in my dissenting opinion in *People* v. *Whittington,* post at 405, and need not be repeated here. I would affirm both the disorderly conduct and resisting arrest convictions.