THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERMAN WHITFIELD, Defendant-Appellant.

(No. 71-156;

Fifth District—October 23, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, (Matthew J. Moran, of counsel,) for appellant.

Peyton Berbling, State's Attorney, of Cairo, (Ralph J. Mendelsohn, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a jury trial in the Circuit Court of Alexander County, defendant, Herman Whitfield, was convicted of possessing metal knuckles in violation of the unlawful use of weapons statute. (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(1).) The information on which he was prosecuted consisted of two counts charging separate violations of the two subsections of said statute which provide:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

    (1) Sells, manufactures, purchases, possesses or carries any bludgeon, black-jack, slingshot, sand-club, sand-bag, metal knuckles or any knife commonly referred to as a switchblade knife, which has a blade that opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife; or

    (2) Carries or possesses with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, or any other dangerous or deadly weapon or instrument of like character."

Defendant was found not guilty of the count charging an offense under subsection (2), and guilty of an offense under subsection (1). He was sentenced to one year on probation with the first thirty nights (6:00 P.M. to 8:00 A.M.) to be served in the county jail.

The alleged offense occurred on the sidewalk in front of a clothing store in Cairo on May 29, 1970, where defendant was engaged with a group of others in mass picketing along three downtown blocks. The State's witnesses all testified that defendant wore a spiked leather wrist band which on several occasions he slipped down over his knuckles and raised, or pointed, his clenched fist at several people in the store. He made no verbal threats, nor did he attempt to enter the store but rather remained near the curb a distance of ten to twenty feet from the front door.

The State contends that even though defendant was acquitted of possessing a dangerous instrument with intent to use it unlawfully against another, nonetheless the evidence was sufficient to support his conviction under subsection (1) because the two-inch-wide leather wrist band, completely encircled with spikes or prongs, in effect, constituted metal knuckles. Thus, the question is whether "metal knuckles" is a definitive term, or a general one permitting any number of articles clenched in the fist to be called metal knuckles.

Webster's Third New International Dictionary defines brass knuckles as "a set of four metal finger rings on guards attached to a transverse piece and worn over the front of the doubled fist for use as a weapon."

Black's Law Dictionary states that the weapon is called "brass knuckles" because it was originally made of brass, but that term is now used as the name of a weapon without reference to the metal of which it is made.

The Dictionary of Americanisms by Matthews describes the term as "a protective metal device for the knuckles of the closed fist, used in fights by roughs, thugs, etc., also called brass knucks, iron knuckles, knuckle dusters, knuckles or knucks."

Our Supreme Court in *People v. Sullivan*, 46 Ill.2d 399, considered this same statute and held that the legislature specifically named the weapons, the simple possession of which is *per se* unlawful; that among those weapons prohibited were a switch-blade knife, brass knuckles, black-jack, etc., but that it did not cover a hunting knife; and that where the weapon carried or possessed was not specifically prohibited as contra-band a conviction under subsection (1) for mere possession could not be justified.

In considering the facts of the case before us it is interesting to note that when one of the defense witnesses appeared on the stand wearing an almost identical wrist band as defendant's no one accused him of

possessing metal knuckles. He testified that he purchased his band in a Mod Shop in Chicago where many similarly decorated items were sold, including headbands, belts, and bracelets, for both men and women. After examining the band the State's Attorney's only comment was that it was a different color than defendant's and that the prongs did not appear to be quite as long.

It is our opinion that brass knuckles or metal knuckles are clear and precise terms describing a particularly designed weapon the possession of which the legislature specifically intended to prohibit as contraband. The fact that defendant's wrist band could be held in a clenched fist, and could inflict serious injury if used for that purpose, does not make it metal knuckles any more than it would a number of other dangerous instruments that might be held in the fist. We therefore conclude that the wrist band carried by defendant did not prove him guilty of possessing contraband metal knuckles, and that, in the absence of proof that he intended to use the wrist band unlawfully against another, his conviction was not justified.

The judgment of the Circuit Court of Alexander County is reversed.

Judgment reversed.

G. MORAN, P. J., and EBERSPACHER, J., concur.