THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRENT FULLER, Defendant-Appellant.

Third District   No. 3—86—0794

Opinion filed August 28, 1987.

Jeffrey H. Haas and Janine L. Hoft, both of Chicago, for appellant.

James T. Teros, State's Attorney, of Rock Island (Edward P. Morrissey, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Brent Fuller, was charged in a two-count complaint with battery and resisting arrest. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—3(a)(1), 31—1.) A single-count information was also filed charging Fuller with a felony offense of trying to disarm a police officer. The State filed a motion for joinder of the charges, which was granted, and the defendant proceeded to a jury trial on all the charges on March 24, 1986. On March 27, 1986, defendant was found guilty of the two misdemeanor charges, battery and resisting arrest, and was found not guilty of the felony charge. Defendant was sentenced to one-year conditional discharge and costs with a term of the probation being 30 days' imprisonment in the Rock Island County jail.

Defendant appeals.

The instant charges arose out of a demonstration which took place at the Rock Island Arsenal. During the early morning hours of October 21, 1985, the defendant along with several hundred protestors gathered to protest the manufacture and distribution of weapons through the Rock Island Arsenal.

At approximately 5:40 a.m., Officers James Pauley and James Wright of the Rock Island police department received a radio dispatch that there was a traffic problem on Route 92 being caused by some of the demonstrators. Several police cars arrived on the scene at about the same time. Officers Pauley and Wright saw individuals who were attempting to block traffic by placing objects in the street.

Officer Pauley testified at trial that he got out of his squad car and chased a female subject. In the process of trying to arrest this female, Officer Pauley struck the defendant, who was wearing a Halloween mask, on the forehead with his police flashlight. The defendant fell to the ground and Officer Pauley lost track of him.

Officer Wright testified that he got out of the squad car shortly after Officer Pauley. He stated that the defendant came running towards him and then stopped by a barricade. Wright chased the defendant 10 to 12 feet before he put his hands around the defendant's waist and the two fell to the ground. Officer Wright testified that while he straddled the defendant, three other subjects came up and began hitting and kicking him. Officer Wright testified that he felt a kick from behind as he straddled the defendant.

Officer Pauley further testified that he observed Officer Wright chase a subject 20 to 30 feet before catching him. The two fell to the ground and then others from the crowd converged upon Officer Wright and started kicking him and pulling him off the subject. Officer Pauley approached, assisted in handcuffing the subject, saw blood running down the subject's face and recognized the subject as the defendant.

The defendant testified that after he was hit with Officer Pauley's flashlight, he was stunned from the blow and he had trouble breathing. He stated that he began running, hit a barricade, and then was tackled from behind by a police officer. The defendant denied ever kicking or striking the officer who straddled and handcuffed him.

The defendant first argues that the trial court erred in granting the State's motion for joinder of the felony and misdemeanor charges. Defendant contends that the witnesses and the evidence were separate and distinct between the felony and the misdemeanor charges. Defendant claims that the testimony of an unrelated officer, Officer

Pauley, who claimed that the defendant attempted to grab his gun, clearly prejudiced the jury with regard to the other charges he faced.

■■ ■ Joinder of criminal offenses at trial is permitted where the charges are based upon the same act or upon two or more acts which are part of the same comprehensive transaction. (Ill. Rev. Stat. 1985, ch. 38, pars. 111—4, 114—7; *People v. Benka* (1983), 117 Ill. App. 3d 221, 453 N.E.2d 71.) The trial court has substantial discretion in determining the propriety of joinder and its determination will not be reversed, absent a showing of abuse of that discretion. (*People v. Harris* (1986), 147 Ill. App. 3d 891, 498 N.E.2d 621.) Some of the factors to consider in deciding the question of joinder include: physical and temporal proximity of the acts charges, identity of evidence to be presented, similarities in the acts, and whether there was a common method of operation on the part of the perpetrator. *People v. Duncan* (1985), 133 Ill. App. 3d 489, 478 N.E.2d 1125.

■■ In this case, the alleged offenses occurred within moments of each other. The two victims, Officers Pauley and Wright, were in close proximity to each other. The offenses against Wright occurred while he was apprehending the defendant, who was fleeing from apprehension by Pauley. Thus, we find that the trial court clearly did not abuse its discretion in ordering the charges joined here because the acts were part of the same comprehensive transaction.

■■ The defendant next argues that there was insufficient evidence to sustain a guilty verdict on the battery charge because there was no showing of bodily harm. Defendant claims that the testimony of Officer Wright that he felt "contact" on his back while he was straddling the defendant was insufficient to prove bodily harm to Officer Wright.

In order to establish the offense of bodily harm brought pursuant to section 12—3(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—3(a)(1)), the State must prove beyond a reasonable doubt that the victim sustained actual bodily harm. (*People v. Veile* (1982), 109 Ill. App. 3d 847, 441 N.E.2d 149.) In *People v. Benhoff* (1977), 51 Ill. App. 3d 651, 366 N.E.2d 359, the defendant hit a police officer in the face with his fist while being transported to jail in a police car. At trial, the officer testified that he was not injured during the encounter with the defendant. The court stated that the question at issue was whether the term "harmed" as used in the statute is limited to only physical harm. In finding that the officer was not "harmed," the court stated that "[i]t is a matter of accepted definition that 'harm' means some damage or injury." 51 Ill. App. 3d 651, 655, 366 N.E.2d 359, 361.

In the case at bar, Officer Wright testified that as he wrestled the defendant to the ground, the defendant spun around with his right hand and socked him in the face shield. The officer testified that while he was on top of defendant trying to subdue him, the officer felt kicks from behind. There were other people kicking the officer while he was trying to subdue the defendant, but he concluded that the defendant was the only person that could have been kicking him from behind. The officer stated that the defendant was on his back while he was kicking. The officer, however, did not testify that he was injured in any way by the kicking of the defendant.

■■ We find that the State failed to prove beyond a reasonable doubt that the officer sustained actual bodily harm. The defendant was on his back with a police officer on top of him when he was attempting to kick the officer. From this position, we do not believe that the defendant's kicks were sufficiently strong to support the inference that the officer was harmed. In addition, Officer Wright did not testify that he was injured in any way from the kicks which he attributed to the defendant. We therefore reverse the defendant's conviction for battery.

■■ Defendant next argues that the evidence was insufficient to sustain a guilty verdict for the charge of resisting arrest. The defendant claims that he was attempting to remove his face mask so that he could breathe when he struggled with Officer Wright. The defendant contends that other people from the crowd were interfering with Officer Wright as the officer attempted to arrest him.

In order to sustain the charge of resisting arrest the State must show that the defendant "knowingly resist[ed] or obstruct[ed] the performance by one known to the person to be a peace officer of any authorized act within his official capacity." (Ill. Rev. Stat. 1985, ch. 38, par. 31—1.) Officer Wright testified that the defendant hit him in the face as he fell to the ground with the defendant. In addition, Officer Wright also testified that it was the defendant and not the other people present who kicked him from behind. The credible testimony of a single witness is sufficient to support a conviction despite contradictory testimony by the accused. (*People v. Sullivan* (1970), 46 Ill. 2d 399, 263 N.E.2d 38.) We find that there was clearly sufficient evidence to sustain defendant's conviction for resisting arrest.

■■ Defendant's fourth argument is that the trial court erred in not granting defendant's motion to strike the testimony of Officer Engstrom. Defendant claims that Officer Engstrom did not see the defendant until the defendant was handcuffed and being led to the police squad car. Defendant claims that it was extremely prejudicial for

the jury to hear evidence of other protestors resisting arrest and committing battery on a police officer who possessed no knowledge of the conduct of the defendant.

After the cross-examination of Officer Engstrom, the trial court instructed the jury that the purpose of Engstrom's testimony was to explain the whereabouts of Officer Engstrom. Officer Pauley had testified earlier that Officer Engstrom was present at the scene. The State argues that Officer Engstrom merely testified to facts already in evidence and that the testimony was relevant as background information. We agree that Officer Engstrom's testimony was relevant as background information and that defendant was not prejudiced because the trial court limited the purpose of this testimony. See *People v. Krone* (1981), 98 Ill. App. 3d 619, 424 N.E.2d 917.

■ Defendant's final argument is that the trial court abused its discretion in sentencing the defendant to 30 days' imprisonment. The record reveals the defendant has no previous record of criminality or delinquency. In addition, we have found that the evidence was insufficient to sustain the defendant's conviction for battery and it is clear that defendant's conduct did not cause serious harm. While we do not condone defendant's behavior in any way, we reduce the defendant's sentence to 15 days in jail pursuant to our authority under Supreme Court Rule 615(b)(4) (107 Ill. 2d R. 615(b)(4)). If the defendant is working or in school he shall have the choice of serving the sentence on weekends, subject to the approval of the trial court.

Accordingly, the judgment of the circuit court of Rock Island is affirmed in part, reversed in part, modified in part, and remanded for the sole purpose of determining the manner in which the sentence of 15 days shall be served.

Affirmed in part, reversed in part, modified in part, and remanded.

SCOTT and STOUDER, JJ., concur.