2019 IL App (1st) 171269-U

No. 1-17-1269

Order filed October 30, 2019

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 14766 |
| | ) | |
| KEITH STUART, | ) | Honorable |
| | ) | Carol M. Howard, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for domestic battery is affirmed where the evidence presented was sufficient to sustain his conviction. Defendant's claim of error in calculating fines, fees, and costs is remanded to the circuit court.

¶ 2    Following a bench trial, defendant Keith Stuart was convicted of domestic battery (720 ILCS 5/12-3.2 (West 2016)) and sentenced to 18 months' imprisonment. The court also assessed a total of $614 in fines, fees, and costs. Defendant appeals arguing that the State failed to prove him guilty beyond a reasonable doubt because there was insufficient evidence that the victim

suffered "bodily harm." He also argues that the amount he owes in fines, fees, and costs should be reduced by $200. We affirm defendant's conviction and remand to the trial court for consideration of his fines and fees claim.

¶ 3     Defendant was charged by indictment with aggravated domestic battery (count 1) and domestic battery (count 2). Count 1 alleged that defendant "strangled Angela Hood" and that he was a family or household member. 720 ILCS 5/12-3.3 (West 2016). Count 2 alleged that defendant "caused bodily harm to Angela Hood, to wit: grabbed Angela Hood about the neck and squeezed impeding her normal breathing, and Angela Hood was a family or household member * * * and he has been previously convicted of domestic battery." 720 ILCS 5/12-3.2.

¶ 4     At trial, Angela Hood testified that she was in a relationship with defendant, who lived part of the time at her house and part of the time at his daughter's house. On September 1, 2016, at 8:00 a.m., Hood and defendant were in her apartment getting ready to go to her physical therapy appointment. Hood went into her closet to get dressed. Defendant followed her inside, and the pair argued about money. As Hood was getting clothes out of a "tote" in the closet, defendant came up behind her and "put his [left] hand towards [her] neck and pressed hard." She testified that he exerted "hard pressure," which caused her to "hardly get [her] breath" for "one to two seconds." After that, defendant "let go a little" while keeping his hand on her neck. Defendant then slapped her with the front and back of his hand. When defendant let go of her, Hood exited the closet and called the police. Defendant grabbed his belongings from the closet and left.

¶ 5     When police arrived, Hood told the officers that she believed defendant was heading to his daughter's house. The officers asked Hood to drive around the area with them looking for

defendant on his expected route. The officers stopped a bus near 74th Street and Ashland Avenue and went inside with Hood where she identified defendant.

¶ 6    On cross examination, defense counsel asked Hood a series of questions pertaining to what she did following the altercation with defendant. She acknowledged that, after defendant was arrested, she did not go to a hospital or see a doctor. She did not take photographs of any bruises or injuries and there were no bruises on her neck. Hood did not lose consciousness or black out at any time as a result of defendant's actions. She explained that defendant grabbed her neck and pressed hard. On redirect, Hood testified that she called the police because defendant "had choked [her]" and "slapped [her] back and forth."

¶ 7    Following Hood's testimony, the parties stipulated that defendant has a previous conviction for misdemeanor domestic battery. Defendant moved for a directed finding, arguing that the State failed to meet its burden on both counts because there was no physical evidence to corroborate Hood's testimony. The trial court denied defendant's motion.

¶ 8    Defendant testified that he was convicted of retail theft in 2007, 2008, 2009, and 2011, and that he was convicted for "failing to register" in 2014. He stated that, on the date in question, Hood was angry at him because he "found some property of [his] that she had hidden" and he refused to give the property back to her. Defendant told Hood that he was tired of arguing with her about what belongs to him, so he said he was leaving. This angered Hood because she was expecting defendant to drive her to physical therapy. While defendant was packing his belongings, he pushed Hood, but stated that he "did not put his hands on her," threaten her or slap her. Defendant did not choke or strike Hood at any time.

¶ 9    On cross examination, defendant testified that the reason Hood called the police on him was because he was "leaving her," and not because he had hurt her. He stated that she has done this in the past. Defendant clarified that the property that Hood took from him were sheers he used to groom his hair, which he found inside her tote.

¶ 10    The State recalled Hood, who testified that defendant's sheers were not in her tote, which she described as a container that she keeps clothes in. On cross examination, Hood stated that her argument with defendant was not about the sheers.

¶ 11    The trial court found defendant guilty of domestic battery (count 2) and not guilty of aggravated domestic battery (count 1). In announcing its ruling, the court noted that, after carefully watching Hood's demonstration of how defendant grabbed her, it did not believe that the State met its burden on count 1 because there was no strangling. However, the court found that the State did meet its burden on count 2.

¶ 12    After a hearing, the court sentenced defendant to 18 months' imprisonment. The court credited defendant with 246 days he spent in presentence custody and assessed a total of $614 in fines, fees, and costs. Defendant appeals.

¶ 13    On appeal, defendant first challenges the sufficiency of the evidence to sustain his conviction. When considering a defendant's challenge to the sufficiency of the evidence to sustain a conviction, we ask only whether, after viewing all of the evidence in a light most favorable to the State, any rational trier of fact could have found that the State proved each element of the offense beyond a reasonable doubt. *People v. Ward*, 154 Ill. 2d 272, 326 (1992). We leave the responsibility of determining witnesses' credibility, weighing witness testimony, and drawing inferences from such testimony to the trial court. *People v. Hill*, 272 Ill. App. 3d

597, 603-04 (1995). It is not this Court's function to retry the defendant. See *id.* This court will not reverse the trial court's judgment unless "the evidence is so unreasonable, improbable, or unsatisfactory" that guilt is not proven beyond a reasonable doubt. *People v. Newton*, 2018 IL 122958, ¶ 24.

¶ 14    In this case, defendant was convicted of domestic battery. As charged here, a person commits the offense of domestic battery where he knowingly and without legal justification "[c]auses bodily harm to any family or household member." 720 ILCS 5/12-3.2. Defendant solely argues that the State failed to prove beyond a reasonable doubt that he caused Hood bodily harm.

¶ 15    "Although it may be difficult to pinpoint exactly what constitutes bodily harm for the purposes of the statute, some sort of physical pain *or* damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent, is required. Otherwise there would be no need for the other type of battery, contact of an insulting or provoking nature." *People v. Mays*, 91 Ill. 2d 251, 256 (1982). Medical proof of pain or injury is not required to find bodily harm. See *People v. Wenkus*, 171 Ill. App. 3d 1064, 1067 (1988) (evidence that the defendant pushed the victim causing her to fall, hit her chin, and feel pain was sufficient for conviction). Testimony of a single credible witness is enough to convict. See *People v. Gray*, 2017 IL 120958, ¶ 36. Moreover, a trier of fact may infer bodily harm by applying common knowledge to the evidence presented. See *People v. Rotuno*, 156 Ill. App. 3d 989, 992 (1987) (evidence that the defendant kicked the victim combined with the fact finder's common knowledge was sufficient for conviction).

¶ 16    After viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could conclude that Hood suffered bodily harm, *i.e.*, "some sort of physical pain," stemming from defendant's conduct. See *Mays*, 91 Ill. 2d at 256. Hood testified that defendant placed his hand around her neck and pressed down hard enough to restrict her breathing for a couple of seconds. Defendant then "let go a little" and slapped her twice. This testimony was sufficient for the trial court to infer, based on common experience and knowledge, that Hood suffered physical pain. See *Johnson*, 2015 IL App (1st) 123249, ¶ 32 (finding the defendant caused bodily harm to the victim where "testimony that [he] applied pressure on [the victim's] airway * * * interfering with her breathing was sufficient evidence for the jury to reasonably infer based on common experience and knowledge of 'choking' that [the victim] felt physical pain").

¶ 17    In reaching this conclusion, we are not persuaded by *People v. Fuller*, 159 Ill. App. 3d 441 (1987) and *People v. McBrien*, 144 Ill. App. 3d 489 (1986), cited by defendant in support of his argument that Hood did not suffer bodily harm. In *Fuller*, 159 Ill. App. 3d at 445, this court reasoned that because the defendant was on his back being held down by the person whom he was accused of kicking, his kicks could not have been "sufficiently strong to support the inference that the [person] was harmed." In *McBrien*, 144 Ill. App. at 497, this court found that the victim's testimony that he had felt a "tingling sensation" as a result of the defendant's conduct of spraying mace on him to be insufficient for an inference of harm. Here, unlike in *Fuller* and *McBrien*, Hood's testimony that defendant squeezed her neck so hard that it impeded her breathing and that he slapped her twice was sufficient to support the inference that she suffered bodily harm, *i.e.*, some sort of physical pain. See *Johnson*, 2015 IL App (1st) 123249, ¶

32. As mentioned, this court will reverse the trial court's judgment only where the evidence is so unreasonable, improbable, or unsatisfactory that guilt is not proven beyond a reasonable doubt. This is not one of those cases.

¶ 18    Defendant next argues that his fines, fees, and costs order should be reduced by $200 to reflect that the trial court mistakenly did not offset the $200 Domestic Violence Fine (730 ILCS 5/5-9-1.5 (West 2016)) by his $5-per-day custody credit. The State responds, and in his reply brief defendant agrees, that pursuant to Illinois Supreme Court Rule 472(e) (eff. May 17, 2019) this court lacks the authority to adjudicate defendant's unpreserved fines and fees claim and should remand this claim to the circuit court.

¶ 19    On February 26, 2019, while this appeal was pending, our supreme court adopted new Illinois Supreme Court Rule 472, which sets forth the procedure in criminal cases for correcting sentencing errors in, as relevant here, the "imposition or calculation of fines, fees, and assessments or costs" and "application of *per diem* credit against fines." Ill. S. Ct. R. 472(a)(1), (2) (eff. Mar. 1, 2019). On May 17, 2019, Rule 472 was amended to provide that "[i]n all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. May 17, 2019). "No appeal may be taken" on the ground of any of the sentencing errors enumerated in the rule unless that alleged error "has first been raised in the circuit court." Ill. S. Ct. R. 472(c) (eff. May 17, 2019). Therefore, pursuant to Rule 472, we "remand to the circuit court to allow [defendant] to file a motion pursuant to this rule,"

raising the alleged errors regarding assessment of fines and fees and the application of *per diem* presentence custody credit. Ill. S. Ct. R. 472(e) (eff. May 17, 2019).

¶ 20    Affirmed; remanded for consideration of defendant's fines and fees claim.